UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| JAMES MICHAEL WRIGHT, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | CAUSE NO. 3:18-CV-579 JD-MGG |
| vs. | ) | |
| | ) | |
| JASON RUNYAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

James Michael Wright, a *pro se* prisoner, filed a complaint. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

According to the allegations contained in the complaint, in February 2018, Elkhart City Police Officer J. Taelman, along with another unidentified officer, arrived at Wright's home in connection with a reported home invasion. Wright explained to the officers that Matthew Thompson, an individual with whom he has had problems with in the past, broke into his home. Nevertheless, charges were not pressed against

1

Matthew Thompson, and he was never arrested.

Wright sues Officer Taelman and the unnamed officer for not arresting or bringing charges against Thompson. However, that allegation does not state a claim because a private citizen, such as Wright, lacks a judicially cognizable interest in the prosecution or nonprosecution of another. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).

Wright was later contacted by Elkhart City Police Detective Jason Runyan. Detective Runyan was assigned to investigate accusations Matthew Thompson made against Wright. After an investigation, an arrest warrant was issued and Elkhart City Police officers arrested Wright. Though it is clear that Wright does not believe he should have been arrested based on Thompson's accusations, it is unclear what, exactly, Wright is alleging. It may be that Wright is alleging he was falsely arrested by Elkhart City Police officers. However, the existence of probable cause is an "absolute bar" to a Fourth Amendment false arrest claim. *McBride v. Grice*, 576 F.3d 703, 707 (7th Cir. 2009). An officer has probable cause to arrest "if a reasonable person would believe, based on the facts and circumstances known at the time, that a crime had been committed." *Id.* at 707. Here, Wright concedes that officers arrested him pursuant to a warrant. *See Juris v. McGowan*. 957 F.2d 345, 350, (7th Cir. 1992) ("Generally, a person arrested pursuant to a facially valid warrant cannot prevail in a § 1983 suit for false arrest; this is so even if the arrest warrant is later determined to have an inadequate factual foundation."). Thus, he has not plausibly alleged a claim for false arrest.

It may also be that Wright is alleging that he was wrongfully arrested pursuant to that warrant. That is to say, Wright may believe that the defendants have caused the arrest warrant to be issued knowing that he was not the proper person to be accused. This is more akin to a claim for malicious prosecution. *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 899-900 (7th Cir. 2001). Wright has not stated a plausible claim for malicious prosecution either. This is because any such claim would not accrue unless and until the criminal proceedings have terminated in Wright's favor (i.e., acquittal or dismissal of the charges). *Id.* Because his state criminal case is still pending, any such claim is not yet ripe. Therefore this claim must be dismissed. If Wright is acquitted of the criminal charges or they are otherwise dismissed at some time in the future, he may file a new lawsuit reasserting his malicious prosecution claim. But for now, Wright has no such plausible claim.

Wright later e-mailed Elkhart County Prosecutor Vicki Becker to complain that he was unfairly charged with a crime, while Thompson was never charged. No one responded to Wright. He sues Becker for not responding to his complaints. However, Becker is entitled to absolute prosecutorial immunity and cannot be sued for damages in connection with her decision whether to initiate charges. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) ("[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983.").

After his arrest, Wright was taken to the Elkhart County Jail. There, Wright spoke to jail staff about how to get the Elkhart City Police and prosecutors to pursue

charges against Thompson. Correctional Officer A. Montandon advised him to write a letter to the City of Elkhart. Correctional Investigator Mock suggested he contact the Elkhart City Policy. Investigator Harvey told him to contact Detective Runyan. Wright did each of these things and none resulted in charges being brought against Thompson. Wright sues Officer Montandon, and Investigators Mock and Harvey for not successfully helping him pursue charges against Thompson. However, as explained above, Wright has no constitutional right to have Thompson charged. Nevertheless, "[s]ection 1983 does not establish a system of vicarious responsibility" and "public employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 593 (7th Cir. 2009). The simple fact that Wright complained to these three individuals about the Elkhart Police Department's actions is insufficient to trigger liability. *Id.* at 595. Therefore, Officer Montandon, Investigator Mock and Investigator Harvey will be dismissed.

Though it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed sua sponte, *see Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013), that is unnecessary where the amendment would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."). Such is the case here.

For these reasons, Wrights's complaint is DISMISSED pursuant to 28 U.S.C. § 1915A for failure to state a claim.

SO ORDERED on October 9, 2018

/s/ JON E. DEGUILIO
Judge
United States District Court

5